IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIM E. DUBBERKE, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| SECURA INSURANCE COMPANIES ) | |
| a/s/o TEMPERATURE ENGINEERING, ) | |
| INC., ) | |
| ) | |
| Intervener-Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2023-cv-05680 |
| ) | |
| WENDY'S INTERNATIONAL, LLC ) | |
| d/b/a THE WENDY'S COMPANY, and ) | |
| WENDY'S PROPERTIES, LLC, ) | |
| ) | |
| Defendants/Third-Party Plaintiffs. ) | |
| ) | |
| v. ) | |
| ) | |
| TEMPERATURE ENGINEERING, ) | |
| INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

## INTERVENOR COMPLAINT

NOW COMES the Intervener-Plaintiff, SECURA INSURANCE COMPANIES as subrogee of TEMPERATURE ENGINEERING, INC., by and through its attorneys, THOMPSON, BRODY & KAPLAN, LLP, and for its Intervenor Complaint against the Defendants, WENDY'S INTERNATIONAL, LLC doing business as THE WENDY'S COMPANY, and WENDY'S PROPERTIES, LLC, hereby states as follows:

## COMMON ALLEGATIONS

1. At all times relevant, the insured, TEMPERATURE ENGINEERING, INC. (hereinafter referred to as "Temperature Engineering"), was an Illinois corporation with its

principal place of business located at 7475 S. Madison Street, Suite 6, in Burr Ridge, Illinois 60527.

2. At all times relevant, the Intervener-Plaintiff, SECURA INSURANCE COMPANIES (hereinafter referred to as "Secura"), was an insurance company with its headquarters located in the State of Wisconsin and licensed to issue worker's compensation insurance policies to businesses within the State of Illinois, such as Temperature Engineering.

3. At all times relevant, Temperature Engineering purchased and maintained a worker's compensation insurance policy (Policy No. 3280813) with the Intervener-Plaintiff, Secura, and this policy was in full force and effect on August 6th, 2022, the date of the loss.

4. At all times relevant, the Defendant, WENDY'S INTERNATIONAL, LLC d/b/a THE WENDY'S COMPANY (hereinafter referred to as "Wendy's"), was an Ohio corporation with its headquarters located at One Dave Thomas Boulevard in Dublin, Ohio 43017.

5. At all times relevant, the Defendant, Wendy's, owned and operated a chain of restaurants, one of which was located at 901 W. North Avenue in Melrose Park, Illinois 60160 (hereinafter referred to as "subject property").

6. Upon information and belief, the Defendant, WENDY'S PROPERTIES, LLC, is a Delaware corporation registered in Illinois and doing business within Illinois managing and maintaining the Wendy's locations and properties within Illinois, including the subject property.

7. Upon information and belief, Wendy's Properties, LLC is a wholly owned subsidiary of Wendy's International, LLC.

8. On or around August 6th, 2022, Wendy's hired Temperature Engineering to provide refrigeration services and maintenance at the subject property.

9. On or about August 6th, 2022, Mr. Jim Dubberke, an employee of Temperature Engineering, was servicing the walk-in freezer at the subject property in the scope of his employment.

10. On said date and location, employees and/or representatives of Wendy's stacked several boxes on top of one another within the walk-in freezer for its own purposes and/or to provide access for Mr. Dubberke.

11. On said date and location, Mr. Dubberke was standing on a ladder inside the walk-in freezer when the stacked boxes tipped over and fell on him and/or the ladder.

12. As a result, Mr. Dubberke fell from the ladder and suffered significant injuries.

13. Mr. Dubberke sought treatment for his injuries, and he filed a worker's compensation claim with Temperature Engineering requesting payment for said injuries and for his treatment and damages.

14. Pursuant to the Temperature Engineering worker's compensation policy and per the applicable IL Work. Comp. statutory provisions, Secura Insurance became obligated to pay and did pay for the treatment and injuries and damages in an amount in excess of $100,000.00.

15. Upon information and belief, Secura Insurance has continued to pay Mr. Dubberke for certain damages claimed in his worker's compensation claim with Temperature Engineering.

16. Secura Insurance has thereby become subrogated to the rights of its insured, Temperature Engineering and to Mr. Dubberke, to the extent of the damages it has paid and continues to pay on this claim.

17. Secura Insurance therefore is a proper interested party and has a right to intervene into this action for the protection and recovery of its work. comp. lien to the extent of the damages it has paid and continues to pay on this claim.

## COUNT I
## NEGLIGENCE
### (Wendy's International, LLC and Wendy's Properties, LLC)

1-17.   The Intervener-Plaintiff hereby restates and realleges Paragraphs 1 through 17 of the Common Allegations as Paragraphs 1 through 17 of Count I, as though fully set forth herein.

18.   At all times relevant, the Defendants, Wendy's, had a duty to exercise reasonable care in its conduct and actions, and in maintaining and/or keeping the subject property free from a hazardous and dangerous condition.

19.   At all times relevant, the Defendants, Wendy's, had a duty to exercise reasonable care and to act non-negligently in clearing the walk-in freezer so that Mr. Dubberke could obtain access.

20.   At all times relevant, the Defendants, Wendy's, had a duty to exercise reasonable care and to act non-negligently in stacking the boxes within the walk-in freezer so they did not create a dangerous and hazardous condition.

21.   Notwithstanding the aforementioned duties, Wendy's breached its duties and was negligent in one or more of the following ways:

   a. Failed to exercise reasonable care in its conduct and/or actions in the maintenance of the subject property in such a way as to provide a safe work environment and safe premises;

   b. Failed to safely and properly clear the walk-in freezer so as to allow Mr. Dubberke access without risk of injury;

   c. Created a dangerous and hazardous condition for Mr. Dubberke as an invitee;

   d. Allowed a dangerous and hazardous condition to exist at the premises knowing that Mr. Dubberke had been asked to do work on the freezer; and

   e. Failed to safely and properly stack the boxes within the walk-in freezer so as to avoid a dangerous and hazardous condition that led to the subject injuries sustained by Mr. Dubberke; and

  f. Was otherwise careless and/or negligent in its conduct in clearing the walk-in freezer and stacking the boxes, thereby creating a dangerous and hazardous condition at the subject property that led to Mr. Dubberke's injuries.

22. As a direct and proximate result of the Defendants' careless and negligent acts and/or omissions, the Temperature Engineering employee, Jim Dubberke, was injured and sought payment for his treatment and injuries.

23. As a direct and proximate result of the Defendants' careless and negligent acts and/or omissions, Mr. Dubberke submitted a worker's compensation claim to his employer, Temperature Engineering.

24. Pursuant to its worker's compensation policy of insurance with Temperature Engineering, Secura Insurance became obligated to pay and did pay for the treatment and damages in an amount in excess of $100,000.00.

WHEREFORE, the Intervener-Plaintiff, SECURA INSURANCE COMPANIES as subrogee of TEMPERATURE ENGINEERING, INC., respectfully requests that this Court enter Judgment in its favor and against the Defendants, WENDY'S INTERNATIONAL, LLC d/b/a THE WENDY'S COMPANY and WENDY'S PROPERTIES, LLC, for the recovery of its lien in an amount in excess of $100,000.00, to be determined at trial, plus interest and the reasonable costs and fees for having to bring this action, and for any other relief this Court deems just and appropriate.

**COUNT II**
**RES IPSA LOQUITOR**
**(Wendy's International, LLC and Wendy's Properties, LLC)**

1-24. The Intervener-Plaintiff hereby restates and realleges Paragraphs 1 through 24 of Count I as Paragraphs 1 through 24 of Count II, as though fully set forth herein.

25. In the normal course of events, and in the absence of negligence, Mr. Dubberke would not have sustained injuries if not for the Defendants' dangerous premises and for their negligence.

26. In the normal course of events, and in the absence of negligence, the damages sustained by Temperature Engineering would not have occurred if the Defendants had used ordinary care while in the ownership and control of the business and property located at 901 W. North Avenue in Melrose Park, Illinois 60160.

27. However, while the Defendants were in the exclusive control of the business and property, Mr. Dubberke sustained injuries while servicing the walk-in freezer at the subject property.

28. As a direct and proximate result, Mr. Dubberke filed a worker's compensation claim with Temperature Engineering for his treatments.

29. Therefore, it is appropriate that the burden of proof shift to the Defendants.

30. It is also appropriate that the Intervener-Plaintiff, Secura Insurance, recover on this case under the doctrine of Res Ipsa Loquitor, and that the Defendants be found liable for the damages incurred herein.

WHEREFORE, the Intervener-Plaintiff, SECURA INSURANCE COMPANIES as subrogee of TEMPERATURE ENGINEERING, INC., respectfully requests that this Court enter Judgment in its favor and against the Defendants, WENDY'S INTERNATIONAL, LLC d/b/a THE WENDY'S COMPANY and WENDY'S PROPERTIES, LLC, for the recovery of its lien in an amount in excess of $100,000.00, to be determined at trial, plus interest and the reasonable costs and fees for having to bring this action, and for any other relief this Court deems just and appropriate.

Respectfully submitted,

/s/ Stuart M. Brody
*Counsel for the Intervener-Plaintiff*

Stuart M. Brody, Esq.
THOMPSON, BRODY & KAPLAN, LLP
161 North Clark Street
 Suite 3575
Chicago, Illinois 60601-3214
Phone No. (312) 782-9320
Fax No. (312) 782-3787
E-Mail: brody@tbkllp.com
ARDC No. 6203873